FILED
2012 Apr-09  AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:11-cv-03945-JEO** |
| | ) | |
| **LIBERTY NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Defendant Liberty National Life Insurance Company ("Liberty National") removed this action from the Circuit Court of Cullman County, Alabama on November 18, 2011.  (Notice of Removal, Doc. 1).[1]  Plaintiff Bryan Smith ("Plaintiff") filed a motion to remand this case back to the Cullman County Circuit Court.  (Doc. 4).  The court reviewed all submissions and upon consideration the motion to remand is due to be denied.

## I.    FACTS AND PROCEDURAL HISTORY[2]

This case concerns Plaintiff's allegations that Liberty National made false representations about a pension benefit plan to induce Plaintiff to become and remain an employee at Liberty National.  The issue currently before the court is whether the court has subject matter jurisdiction - either premised upon ERISA preemption or diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff is a citizen of Alabama.  (Doc.1-1 at 5).  Liberty National is a corporation

---

[1] References herein to "Doc. ___" are to the electronic numbers assigned by the clerk of the court and located at the top of each pleading.

[2] The facts below are gleaned from Plaintiff's Complaint and Defendant's Notice of Removal, unless otherwise noted, the facts are undisputed for purposes of this motion.

organized and existing under the laws of the State of Nebraska with its principal place of business in McKinney, Texas.  (Doc.11-10 at 3).

Plaintiff began working for Liberty National in May 1996 and continued working there as an insurance agent until September 2010.  (Doc.1-1 at 6 ¶¶ 7, 8) . Plaintiff alleges that Liberty National, through its agents, officers, and employees, including but not limited to Don Harris and Roger Rich, represented to Plaintiff that he would be eligible to receive pension payments when he reached the age of 55 and had fifteen years of service with the company.  (*Id.* at. 6 ¶ 9).  Under that pension plan, Liberty National would calculate pension payments by taking the average of Plaintiff's best five years of earnings out of his last ten years of service and multiply that average by 2% then multiply that number by Plaintiff's overall years of service.  (*Id*. at 6 ¶ 10).  The result divided by twelve would be the regular monthly benefit sent to Plaintiff.  (*Id*. at 6 ¶ 10).  In May 2010, Plaintiff first learned that the pension plan Liberty National promised him did not exist for persons in Plaintiff's position. (*Id*. at 7 ¶ 12).

On October 20, 2011, Plaintiff filed suit in the Circuit Court of Cullman County, Alabama, alleging negligence (Count I), fraudulent misrepresentation and concealment (Count II), and breach of fiduciary duty (Count III).  Specifically, Plaintiff claims Liberty National made false representations between 1996 and 2010 with the specific intention of inducing Plaintiff to leave his current employer to work for Liberty National and continue employment with Liberty National until 2010.  (Doc. 1-1).  Further, Liberty National's misrepresentations about said plan's existence for Plaintiff caused him damage and great injury.  (Doc. 1-1 at  8).  Plaintiff seeks compensatory damages, punitive damages, and further relief including, but not limited to, attorneys' fees and costs, and mental or emotional damages.  (*Id*. at  8).

2

On November 18, 2011, Liberty National removed this action from the Circuit Court of Cullman County, Alabama to the United Stated District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. §§1441, *et. seq*. on the grounds that this court had both federal question and diversity jurisdiction. (Doc.1). On December 19, 2011, Plaintiff filed a motion to remand the case to state court arguing that this court lacked jurisdiction because (1) this case was not preempted by ERISA and therefore there is no federal question jurisdiction and (2) Liberty National had not met its burden of establishing diversity jurisdiction. (Doc. 4).

## II.   STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997). Any ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 165 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

## III.   ANALYSIS

### A.   ERISA PREEMPTION

Pursuant to 28 U.S.C. §1441, a defendant may remove an action from state court to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. §1441(b). Here, Liberty National argues that because ERISA preempts Plaintiff's claims, this case arises out of

the laws of the United States. In order to establish complete preemption, a defendant must

establish both that (1) the plaintiff, at some point in time, could have brought his claim under 29

U.S.C. § 1132(a)(1)(B), and (2) that there is no other independent legal duty that is implicated by

a defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

 The first prong of the *Davila* test "entails two inquiries: first, whether the plaintiffs'

claims fall within the scope of ERISA § 502(a), and second, whether ERISA grants the plaintiffs

standing to bring suit." *Ehlen Floor Covering Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir.

2009).  Under ERISA, a civil action may be brought by a "participant, beneficiary, or fiduciary

for appropriate relief under [29 U.S.C. § 1109]." 29 U.S.C. § 1132(a)(2).  A participant is "any

employee or former employee of an employer ... who is or may become eligible to receive a

benefit of any type from an employee benefit plan[.]"  29 U.S.C. §1002(7).  Thus, the question

here is whether Plaintiff is a participant under ERISA.

There are three potential plans at issue in this case: (1) the Liberty National Life Pension

Plan, (2) the Liberty National Life Contribution Plan, and (3) the "alleged oral plan", which is a

plan that Defendant argues is created if Plaintiff's allegations are taken as true.  (Doc. 6 at 7-8).

First, it is undisputed that Plaintiff was never eligible to participate in the Liberty National Life

Pension Plan, the plan most closely resembling the plan allegedly offered to Plaintiff when he

began working for Liberty National.  (Doc. 1 at ¶ 10).  Thus, it is clear that Plaintiff is not a

participant, as defined by ERISA, with respect to the Liberty National Life Pension Plan.

With respect to the Liberty National Life Contribution Plan, while it is clear that Plaintiff

is a participant in that plan (doc. 1-3), it is equally as clear that the Contribution Plan has nothing

to do with the allegations contained in Plaintiff's Complaint.  (Doc. 1-1).  Plaintiff is not seeking

benefits from or related to the Contribution Plan.  It follows then, that the fact Plaintiff was a participant in the Contribution Plan is irrelevant to the issue before the court.

The final potential plan for the court to address is the alleged oral plan.  (Doc. 6 at 8).  The first question the court must ask is whether that plan is governed by ERISA.  In order for a plan to be governed by ERISA, Liberty National must show the plan meets the following criteria: (1) a plan, fund or program, (2) established or maintained (3) by an employer, (4) to provide participants or beneficiaries (5) benefits subject to ERISA.  *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982) . At issue here is whether the alleged oral plan was ever "established."

"A decision to extend benefits is not the establishment of a plan or program." *Donovan*, 688 F.2d at 1373.  Rather, the question is whether that decision has become a reality.  *Id*.  In determining whether this has occurred, the court will look for direct or circumstantial evidence tending to show the reality of the plan "*e.g.* financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees that the plan or program exists." *Id*.  In other words, "it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative." *Id*.

Other than the alleged oral representations, there is no evidence here that Liberty National established the alleged plan.  Oral representations about an alleged oral plan are simply insufficient to establish a separate employee benefit plan for which Plaintiff would be a participant or beneficiary.  *See generally Donovan,* 688 F.2d 1367; *Taylor-Sammons v. Manraj Bath*, 398 F. Supp. 2d 868 (S.D. Ohio 2005).  Because Liberty National cannot show it "established" an ERISA plan, said oral plan cannot be considered an ERISA plan.  *See Donovon,* 688 F.2d  at 1373.

5

Because Defendant cannot establish that Plaintiff was a participant in any relevant ERISA plan, it cannot establish that Plaintiff has standing to bring his claim under ERISA. *See Taylor-Sammons*, 398 F. Supp. 2d at 875 (holding that an employee was not an ERISA plan participant or beneficiary with standing to assert claims under ERISA and therefore the plaintiff's claims are not equivalent to an ERISA civil enforcement action).

Notwithstanding the fact that Plaintiff does not have standing to bring a claim under ERISA, Defendant also fails to show that his claims "fall within the scope of ERISA § 502(a)." *Ehlen Floor Covering Inc.*, 660 F.3d at 1287. Liberty National argues that Plaintiff can seek relief available under ERISA because Count I (negligence) can be restated as a claim for benefits under ERISA. (Doc. 6 at 13). In order to seek a claim for benefits as a former employee, that employee must have either "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). However, Plaintiff  has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits because Plaintiff was never an eligible participant or beneficiary in the plan that is the subject of this case. *See Taylor-Sammons*, 398 F. Supp. 2d at 876-77 (citing *Curtis v. Nevada Bonding Corp.*, 53 F.3d. 1023 (9th Cir. 1995)).

Liberty National relies on *Varity Corp. v. Howe,* 516 U.S. 489 (1996), to argue that Count II (misrepresentation) and Count III (breach of fiduciary duty) can be restated as claims for breach of fiduciary duty under ERISA. (Doc. 6 at 13). However, unlike in *Varity Corp*, Plaintiff here was never a plan participant and therefore doesn't have standing to sue for breach of fiduciary duty under ERISA. *See In re ING Groep, N.V. Erisa Litig.*, 749 F. Supp. 2d 1338 (N.D.

Ga. 2010) (holding plaintiffs who were never participants in or beneficiaries of ERISA plan did not have standing to assert breach of fiduciary duty claims).

As such, this court finds no support in the record that Plaintiff was ever a participant in any relevant ERISA plan (oral or written) that would result in Plaintiff being able to bring suit under ERISA § 502(a)(1)(B).  *See Davila*, 542 U.S. 200.  Accordingly, Plaintiff's claims are not preempted by ERISA.  Thus, this court's subject matter jurisdiction cannot be grounded in a federal question.

## B.    DIVERSITY JURISDICTION

Because this court does not have federal question jurisdiction, the question becomes whether there is diversity jurisdiction.  Liberty National argues jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. With respect to diversity of the parties, it is undisputed that the parties are diverse.[3]  (Doc. 12 at 4 ¶ 10).  Therefore, the only remaining question is whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Complaint in this case does not specify an amount of damages.  Thus, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001).  What documents the court may consider in order to determine the amount in controversy is determined by whether a case was removed pursuant to the first paragraph of § 1446(b) or the

---

[3] Initially Plaintiff argued that Liberty National failed to prove its principal place of business was in Texas.  (Doc .4 at 21-22).  However, after Defendant filed its Amended Notice of Removal, which supplied additional evidence that Liberty National's principal place of business is in Texas, Plaintiff conceded the parties are diverse for purposes of diversity jurisdiction.  (Doc. 12 at 4 ¶ 10).

second.[4]  *See Jackson v. Litton Loan Servicing, LP*, No. 3:09-cv-1165-MEF, 2010 WL 3168117

at *3-4 (M.D. Ala. August 10, 2010).  Here, Liberty National timely filed its notice of removal in

compliance with the first paragraph of §1446(b), thus, it is appropriate to consider the notice of

removal and attached documents.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55

(11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types

of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants

may introduce their own affidavits, declarations, or other documentation – provided of course

that removal is procedurally proper.").  Additionally, the court may use "deduction, inference, or

other extrapolation" to establish the amount in controversy."  *Pretka,* 608 F.3d at 753.

    In this case, Plaintiff alleges that he was harmed as a result of the negligence, fraudulent

misrepresentation, and breach of fiduciary duty by Liberty National.  (Doc. 1-1).  This is

grounded in the allegation that Liberty National misrepresented to Plaintiff that he would be

eligible to receive pension payments when he reached the age of 55 and had fifteen years of

service with the company.  (*Id.* at 6 ¶ 9).  Based on Liberty National's alleged misrepresentations,

Plaintiff's pension payments would have been determined by taking the average of Plaintiff's

best five years of earnings (out of his last ten years of service) and multiplying it first by 2% and

then again by Plaintiff's overall years of service.  (*Id*. at 6 ¶ 10).  The result divided by twelve

would be the regular monthly benefit sent to Plaintiff.  (*Id*. at 6 ¶ 10).

---

    [4] Plaintiff argues that regardless of which paragraph the case was removed, under *Lowery*, the court is limited to the allegations in the complaint and removing documentation when determining the amount in controversy.  (Doc. 4 at 26).  However, the holding in *Lowery* is limited to those cases where removal happened under the second paragraph of § 1446(b) and any statements to the contrary are dicta.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) ("There are clear statement in the *Lowery* opinion that are at least arguably inconsistent with our conclusions in this case, but those statements are dicta").

Calculating the loss due to the misrepresentations Plaintiff alleges, Plaintiff would be entitled to $28,374.00 per year.  (*See* Doc. 6 at 18).  Liberty National contends that over 40 years this amount would be over $1,000,000.00 dollars.  (Doc. 6 at 18). While Plaintiff correctly argues that a life expectancy of 40 years may be overly speculative, the formula Liberty National used in its calculations is not.  Under the misrepresented plan, Plaintiff would receive pensions payments at the age of 55.  If Plaintiff only were to receive payments of $28,373.00 at age 55, 56, and 57, he would receive $85,119.00, well over the jurisdictional amount.  Moreover, Liberty National is not required to prove the amount in controversy beyond all doubt or eliminate all uncertainty. *Pretka,* 608 F.3d at 754 (citing *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $ 75,000.")).  Based on the alleged conduct, the court's "judicial experience and common sense," and the application of all reasonable inferences to the evidence in this case, the court finds the Plaintiff's claims are more likely than not to exceed $75,000.00. *See Pretka,* 608 F.3d at 753, 755; *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010).  Accordingly, this court is satisfied that Liberty National has met its burden of establishing, by a preponderance of the evidence, that Plaintiff's claims are valued in excess of $75,000.00.

Because the parties are diverse and the amount in controversy exceeds $75,000, this court has subject matter jurisdiction over this case.  28 U.S.C. § 1332.  Thus, this case was properly removed to federal court.  Plaintiff's motion to remand is due to be denied.

9

**IV.     CONCLUSION**

Premised on the foregoing, Plaintiff's motion to remand (doc . 4) is due to be denied.  A separate order will be entered.

**DONE**, this 9th day of April, 2012.

_John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge

10